**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.: 0:22-cv-60553**

PROMOS4SALE.COM, LLC, a Florida
Limited Liability Company, individually
and on behalf of all of all others similarly
situated

        Plaintiffs,                              CLASS REPRESENTATION

vs.

FEDEX CORP., a Delaware Corporation,

        Defendant.
_____/

**CLASS ACTION COMPLAINT**

**COMES NOW**, Plaintiff, PROMOS4SALE.COM, LLC ("Promos4sale" or "Plaintiff"), individually and on behalf of all other persons similarly situated, hereby submits this Class Action Compliant to sue Defendant, FEDEX CORP. ("FedEx" or "Defendant"), and in support, alleges the following:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C § 1332 (diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs).

2. This Court also has jurisdiction under 28 U.S.C. § 1367 (supplemental jurisdiction) and the doctrines of pendent and ancillary jurisdiction.

3. Venue is proper in this District because Defendant is engaged in and transacts business within this District.

1

## PARTIES

4.     Plaintiff, PROMOS4SALE.COM, LLC, as class representative, is a Florida corporation with its principal place of business located in Fort Lauderdale, Florida.  Plaintiff is doing business within the state of Florida and specifically within Miami-Dade County, Florida.

5.     Defendant, FEDEX CORP., is a Delaware corporation with its principal place of business located in Memphis, Tennessee.   Defendant is doing business within the state of Florida and specifically within Miami-Dade County, Florida.

## CLASS DESCRIPTION

6.     The following represents the putative class:

**Promos4sale.com, LLC, both individually and on behalf of all other similarly situated, against FedEx Corporation.**

The class representative, Promos4sale, and those similarly situated persons throughout the United States who were erroneously and/or improperly charged and billed an increased final amount in comparison to the quoted price through FedEx's website via the Safari web browser ("Safari"), which occurred prior to the completion of the transaction, and thus, based on the misrepresentation of and/or failure to disclose all itemized charges, for the previous four years prior to the filing of this Class Action Complaint (the "Class").

## CLASS ALLEGATIONS

7.     The requirements of Federal Rule of Civil Procedure 23(a) are met in this case.

8.     Plaintiff, as class representative, brings this action on behalf of itself, and all other similarly situated persons, based on the Class as described in Paragraph 6.

9.     The Class, as defined, is so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes, in good faith, that the Class includes hundreds of persons who utilized Defendant's services

through its website via Safari during the class period and were erroneously charged and billed amounts that were not properly disclosed as part of Defendant's quoted amount.

10. The questions of fact and law common to the Class, as defined, predominate over any questions affecting only individual members in this case. Specifically, the common questions include, but are not limited to the following:[1]

  a. Whether Defendant misrepresented and/or failed to disclose to Plaintiff and the Class the full and/or total amounts to be charged with respect to its services of sending parcels through its website via Safari;

  b. Whether Defendant erroneously and/or improperly charged and collected from Plaintiff and the Class an amount in excess of the quoted amount displayed via Safari;

  c. Whether Defendant engaged in unfair and deceptive practices;

  d. Whether Defendant has been unjustly enriched by this improper collection of undisclosed charges; and

  e. Whether Plaintiff and the Class members were damaged by Defendant's improper conduct, and if so, what is the proper measure of damages.

11. The claims of Plaintiff, as class representative, are typical of the claims of each member of the Class, as defined herein.

12. Plaintiff can and will fairly and adequately represent and protect the interests of the Class, as defined, and has no interests that conflict with the interests of the Class, which is because:

  a. All of the questions of law and fact regarding the liability of Defendant are common

---

[1] The list of common questions of law and fact is not intended to be exhaustive; by setting forth this argument, Plaintiff does not waive its right to assert additional claims against Defendant or raise additional common questions of fact.

3

        to the Class and predominate over any individual issues that may exist, such that by prevailing on its own claims, Plaintiff will necessarily establish the liability of Defendant to all class members;

    b. Without the representation provided by Plaintiff, it is unlikely that any class members would receive legal representation to obtain the remedies sought herein; and

    c. Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiff and its counsel have the necessary resources to adequately and vigorously litigate this class action, and are aware of their fiduciary responsibility to the Class and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

13. Accordingly, all class members have the same legal rights as Plaintiff.

14. Plaintiff seeks certification as to the Class, as defined in Paragraph 6 above, pursuant to Rule 23(b)(1) and/or Rule 23(b)(1)(3) of the Federal Rules of Civil Procedure.

15. This class action may be maintained against Defendant under Federal Rule of Civil Procedure 23(b)(1) as prosecuting separate actions by or against individual class members would create a risk of inconsistent and/or varying adjudications.

16. This class action also may be maintained against Defendant under Federal Rule of Civil Procedure 23(b)(3) due to the questions of law or fact common to the Class, as described above, predominate over any questions affecting only individual members, and a class action is superior to any other available methods for fairly and efficiently adjudicating the issues herein. In addition, class treatment will ensure optimal compensation for the Class and limit each class member's expense and burden of individual litigation, as well as conserve judicial resources, and

thus, provide an efficient vehicle for achieving unitary adjudication as to all class members.

17.     Overall, there are no unusual difficulties likely to be encountered in the management of this action as a class suit that could not be managed by this Court, which will ensure uniformity and consistency throughout this litigation, and ultimately, deter any other similar person and/or entity from engaging in such wrongful acts in the future.

## FACTS COMMON TO ALL COUNTS

Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 17 above as if fully set forth herein.

18.     Defendant is engaged in the business of providing express delivery, courier, and/or shipping services, which can allow persons to send single parcels and/or bulk deliver various items in a global and/or worldwide capacity.

19.     Consumers like Plaintiff seeking to utilize Defendant's services have several options to choose from, including but not limited to visiting Defendant's website at www.fedex.com.

20.     As part of Defendant's services, Plaintiff has numerous methods as to how to send and deliver its packages, which, among other things, may be made by ground or air, to a residential or commercial location, and whether to require a signature upon delivery—all of which will affect the price to be charged and billed.

21.     In addition, there are other factors that contribute to the overall cost that Defendant will charge, such as the weight of the parcel and the destination's distance.

22.     Based on what Plaintiff—or any other consumer—selects and the other contributory factors, the final price charged and billed by Defendant will be directly correlated to its services to make said delivery.

23. Ultimately, irrespective of the various combinations of delivery options and methods, Defendant's website allows Plaintiff to view a quote of the price to be charged and billed before submitting the order, which will provide an itemized breakdown of the costs therein that adjusts real-time to show Plaintiff each option and/or method to be charged and/or billed at that very instant.

24. However, on or about March 23, 2021, when Plaintiff used Safari, not all itemized costs were included within the quoted price before summitting the order.

25. Plaintiff, who has a business account with Defendant and has used Defendant's services for over 10 years, sought to ship approximately 650 packages, as a bulk delivery, and included as part of the delivery options a feature known as "Indirect Signature Required."

26. According to Defendant's website, "Indirect Signature Required" means Defendant "obtains a signature from someone at the delivery address; from a neighbor, building manager or someone at a neighboring address; or the recipient can also leave a FedEx Door Tag authorizing release of the package without anyone present."

27. At the time that Plaintiff sought to make the aforementioned bulk delivery, the cost to include Defendant's "Indirect Signature Required" delivery feature was $5.55.

28. Notwithstanding the above, Plaintiff included, among other things, "Indirect Signature Required" as part of its delivery options, yet the quoted price did not adjust real-time or otherwise reflect a price change incorporating the "Indirect Signature Required" option.

29. However, Defendant did, in fact, charge, bill, and collect from Plaintiff the $5.55—the "Indirect Signature Required" itemized price—as to each parcel, thereby charging, billing, and collecting from Plaintiff approximately $3,600.00 more than the quoted price.

30. Yet, Plaintiff had no way of knowing that the "Indirect Signature Required" feature

was not included within the quoted price and did not know of the increased and/or additional charge until after submitting its order and seeing the final price reflecting said increase and/or additional charge.

31. Thus, Defendant's website, via Safari, misrepresents and/or otherwise fails to adequately, properly, and/or correctly reflect the true price to be charged, billed, and collected as the "Indirect Signature Required" option was not disclosed within the quoted price.

32. Plaintiff contacted Defendant regarding this issue and attempted to resolve this discrepancy, but it was to no avail.

33. As such, Plaintiff has incurred damages.

34. In addition, Plaintiff has been forced to take legal action in order to obtain recourse based on Defendant's misrepresentation and/or failure to disclose the true price that should have been reflected in the quote via Safari.

## COUNT I
## NEGLIGENT MISREPRESENTATION

35. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 34 above as if fully set forth herein.

36. As shown above, Defendant made a misrepresentation of a material fact that Defendant believed to be true, but was, in fact, false.

37. Defendant's quoted price to Plaintiff showed an itemized breakdown of the total price to be charged and/or billed, which failed to include or otherwise reflect the price for Defendant's "Indirect Signature Required" option as selected by Plaintiff.

38. However, the actual amount charged and billed against Plaintiff contained the additional charges for Defendant's "Indirect Signature Required" option, which was not disclosed to Plaintiff during the quoted price prior to submitting its order.

39. Defendant should have known that the quoted price provide to Plaintiff via Safari was false because the quoted price did not adjust real-time to accurately reflect the options selected for the deliveries.

40. As such, Defendant intended to induce Plaintiff to rely on the aforementioned misrepresentation.

41. Consequently, Plaintiff justifiably relied on Defendant's false representation, which resulted in its injury.

42. Thus, Defendant's negligent misrepresentation as described herein was a direct and proximate cause of Plaintiff's injury.

**WHEREFORE**, Plaintiff requests the following relief:

a. The Court certify the Class as described Paragraph 6 and maintain this matter as a class action.

b. The Court find that Defendant negligently misrepresented the additional charges from its mismanagement of Safari, and thus, failed to include the itemized charge of the "Indirect Signature Required" option within the quoted price amount.

c. The Court enter judgement for Plaintiff and against Defendant with respect to Plaintiff's damages, including but not limited to actual damages, costs, interests.

d. The Court enter an order granting such other and further relief as it deems just and proper under the circumstances.

### COUNT III
### UNJUST ENRICHMENT

43. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 34 above as if fully set forth herein.

44. Plaintiff conferred a benefit upon Defendant by virtue of Defendant's website via

Safari failing to properly and/or adequately disclose the full and true amount to be charged, billed, and/or collected based on the exclusion of the "Indirect Signature Required" option.

45. Defendant retained profits and other benefits conferred upon itself through its mismanagement of Safari, and thus, its failure to include the itemized charge of the "Indirect Signature Required" option within the total amount to be charged, billed, and collected for its parcel services.

46. It would be inequitable for Defendant to retain the above-mentioned benefits conferred upon it.

**WHEREFORE**, Plaintiff requests the following relief:

a. The Court certify the Class as described Paragraph 6 and maintain this matter as a class action.

b. The Court find that Defendant was unjustly enriched by retaining the additional charges from its mismanagement of Safari, and thus, failed to include the itemized charge of the Indirect Signature within the quoted price amount.

c. The Court enter judgement for Plaintiff and the Class and against Defendant with respect to Plaintiff's and the Class' damages, including but not limited to actual damages, costs, interests, and imposition of a constructive trust.

d. The Court enter an order granting such other and further relief as it deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

**The Downs Law Group, P.A.**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Tel: (305) 444-8226

Facsimile: (305) 444-6773
Jeremy D. Friedman, Esq.
Florida Bar # 134643
jfriedman@downslawgroup.com
Paul A. Hankin, Esq., LL.M.
Florida Bar # 125402
phankin@downslawgroup.com
*Attorneys for Plaintiff*

/s/ Jeremy D. Friedman
Jeremy D. Friedman, Esq.